**This order is SIGNED.**

Dated: March 19, 2018



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

*ar*

---

Mark S. Middlemas (USB No. 9252)
Tom Cook (USB No. 5846)
LUNDBERG & ASSOCIATES, PC
3269 South Main Street, Suite 100
Salt Lake City, UT 84115
(801) 263-3400
(801) 263-6513 (fax)
ECFmailDistGroup@Lundbergfirm.com

Attorneys for SunTrust Mortgage, Inc.
L&A Case No. 15.63525.8

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH (SALT LAKE CITY)
Central Division

| In re:<br><br>Krystal Dawn Johnson *fka* Krystal Hincks,<br><br>Debtor. | Bankruptcy No. 17-30036 KRA<br><br>(a Chapter 13 case)<br><br>Filed Electronically<br><br>Hearing March 5, 2018 @ 1:30 pm |
|---|---|

### AGREED ORDER CONDITIONING THE AUTOMATIC STAY

SunTrust Mortgage, Inc. ("Creditor") filed a Motion for Termination of the Automatic Stay and Request for Relief Pursuant to 11 U.S.C. §362(d)(4)(B). The Court has considered the motion, any responses to the motion and the agreement of counsel, and it is hereby ordered, adjudged and decreed as follows:

1. <u>Automatic Stay</u>. The automatic stay provided by 11 U.S.C. §362 and §1301 shall remain in effect, except as provided in the paragraphs below. The terms and conditions set forth in this Order governing the continuation of the automatic stay and/or termination due to default by the debtor shall not be amended, altered, or superseded by the confirmation order entered in this case, but shall be considered a part of and integrated into the confirmation order. Should the automatic stay be terminated consistent with the terms of this Order, it shall not be reimposed by entry of the confirmation order.

2. <u>Regular Monthly Payments</u>. The debtor shall make all regular monthly mortgage payments due to the Creditor pursuant to the terms of the Note and Trust Deed attached to Creditor's Motion, beginning with the payment due on April 1, 2018. The amount of each such payment is presently $680.08. The amount is subject to change to reflect escrow requirements and any other adjustments provided by the terms of the Note and Trust Deed.

All such payments shall be mailed directly to the Creditor at the following address:

> Suntrust Mortgage, Inc.
> 1001 Semmes Avenue
> Richmond, VA 23224

3. Additional Payments. In addition to payments required by paragraph 2, above, the debtor shall cure the post-petition arrearage, calculated as follows:

| | |
|---|---|
| Post-petition payments for December 1, 2017 through March 1, 2018 at $680.08 each | $2,720.32 |

    Total Arrears                                                     $2,720.32

    The total arrears shall be included in an Amended Proof of Claim to be filed by Creditor.

    4.    <u>Trustee Payments</u>. The debtor shall remit to the Trustee the monthly payments described in the debtor's Plan. The debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if any, within 30 days of the date this Order is signed by the Bankruptcy Judge.

    5.    <u>Effect of Non-sufficient Funds</u>. Any check tendered to the Creditor by the debtor and/or co-debtor which is returned due to non-sufficient funds in the account upon which it is drawn shall not constitute a payment required by the terms of this Order.

    6.    <u>Default</u>. In the event the Creditor does not receive the payments required by this Order on the dates set forth in paragraph 2 with any grace period allowed, or paragraph 3 on the date set forth by 5:00 p.m., or the debtor does not make the payments required by paragraph 4, above, the Creditor shall send written notice by certified mail, return receipt requested, to the debtor and debtor's counsel and allow the debtor ten (10) days from the date the written notice is mailed to cure the delinquent payment or payments. Cure payments must be in the form of certified funds only. In the event the debtor fails to cure the delinquent payment or payments within the ten (10) day period, or in the event the debtor becomes delinquent after one (1) notice of default, Creditor shall be entitled to submit a declaration of default and ex parte order for relief from the automatic stay. Creditor shall be entitled to recover and add to the loan, attorney fees incurred in the preparation of a notice of default, declaration of default and/or order terminating the automatic stay pursuant to the terms of this order.

In addition, should the holder of any other consensual or judicial lien secured against the real property described below obtain relief from the automatic stay Creditor shall be entitled to submit a declaration of default and ex parte order for relief from the automatic stay.

Upon order of the court, the stay shall terminate as to the Creditor, its successors and assigns, as to the real property of the debtor located at 4314 South Abby Court, Taylorsville, UT 84123,more particularly described as:

> Lot 242, contained in BARRINGTON PARK II "F", a Planned Unit Development, as the same is filed in the plat recorded in Book 80-2 at Page 429 and the Declaration of Covenants and Restrictions of the BARRINGTON PARK PLANNED UNIT DEVELOPMENT recorded in Book 4634 at Page 977 as Entry No. 3074104 and as subsequent amendments and/or by laws thereto, recorded in Book 4643 at Page 718 as Entry No. 3081966 in Book 4881, Page 167 as Entry No. 3294018 in Book 5451 at Page 1592 as Entry No. 3880913 in Book 5451 at Page 1610 as Entry No. 3760915 in Book 5588, Page 2022 as Entry No. 3990432.
>
> Together with limited common area designated 111-A as described in said plat and further provided for in said Declarations and Restrictions.
>
> Together with a right and easement of use and enjoyment in and to the common areas as described in and amended for in said Declarations of Covenants and Restrictions.
>
> Together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property.

It is further ordered that upon termination of the automatic stay, relief shall also be granted pursuant to 11 U.S.C. §362(d)(4)(B) against the above-described real property. Creditor, and/or its successors and assigns, may immediately record a copy of this order against the above-described property in the Office of the Salt Lake County Recorder wherein the above described real property is located. Such order and relief from the automatic stay shall be binding against

the above-described real property for the period of two years from the date of entry of this order in any other bankruptcy case filed purporting to affect the above-described real property.

It is further ordered that, upon termination of the automatic stay pursuant hereto and notice thereof, the Chapter 13 Trustee shall make no further distribution to Creditor on its secured claim, and Creditor shall file, within 180 days for it to be allowed, an amended proof of claim showing the amount, if any, that should be paid through the plan as an unsecured claim, for any deficiency balance, and shall serve a copy thereof on the Chapter 13 Trustee.

Creditor and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance, loan modification, refinance, short sale, deed in lieu, or other loan workout/loss mitigation agreement or alternative to foreclosure. Any such agreement shall be non-recourse unless included in a reaffirmation agreement. Creditor may contact the Debtor via telephone or written correspondence to offer such an agreement. This order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Code.

——————————————————— End of Document ———————————————————

Agreed and approved as to form and substance:

By Electronic Endorsement
Brian D. Johnson
Attorneys for debtor

Lundberg & Associates, PC

By /s/Mark S. Middlemas
Mark S. Middlemas
Attorneys for Creditor

By Electronic Endorsement
Lon Jenkins
Chapter 13 Trustee

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing Agreed Order shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

>Mark S. Middlemas
>Lundberg & Associates, PC
>ecfmaildistgroup@lundbergfirm.com
>ECF
>   Attorney for Creditor
>
>Brian D. Johnson
>courtmail@bdjexpresslaw.com
>ECF
>   Attorney for Debtor
>
>Lon Jenkins
>utahtrusteemail@ch13ut.org
>ECF
>   Chapter 13 Trustee

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b).

      Krystal Dawn Johnson
      4314 Abby Court
      Salt Lake City, UT 84123
          Debtor

      Krystal Dawn Johnson
      4314 Abby Court
      Taylorsville, UT 84123
          Debtor

              /s/Mark S. Middlemas
              Mark S. Middlemas